# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LEVI STRAUSS & CO.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 7824 |
| | ) |
| **ZHEJIANG WEIDU GARMENT CO., LTD.** | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

yogee-mall, one of the many defendants in this action brought by Levi Strauss & Co. ("Levi Strauss") charging the pirating of its federally registered trademarks by a host of claimed infringers, has filed a motion (1) for its dismissal pursuant to Fed. R. Civ. P. 12(b)(5) and (2) to quash the substituted service on it that this Court had authorized based on submissions made by counsel for Levi Strauss. yogee-mall contends that such substituted service was unauthorized because Levi Strauss was obligated to pursue the method prescribed by the Hague Convention instead. Levi Strauss' counsel has just filed its response to the yogee-mall motion, and that response torpedoes the motion because it has been based on demonstrably false assertions on the part of yogee-mall.[1] What deep-sixes the yogee-mall motion is stated at the outset of the Hague Convention in its Article I:

---

[1] This Court should not be misunderstood as ascribing that falsity to the counsel who have appeared in this action on behalf of yogee-mall. It assumes that counsel advanced their client's contention in good faith reliance on the client's representations to them.

> This Convention shall not apply where the address of the person to be served with the document is not known.

It is unnecessary for this Court to replicate the entire voluminous submission by Levi Strauss' counsel that is the product of the extensive investigative effort that it was forced to undertake because of the bogus assertions advanced by yogee-mall. Instead this Court attaches the current Levi Strauss response (Dkt. No. 48) as its own and attaches the text of that response (but none of its bulky exhibits) to this opinion.

In sum, yogee-mall's motion (Dkt. No. 45) is denied, and no further status hearing date is set in this action. This Court will await a motion by Levi Strauss for the entry of a final judgment order terminating this case when its counsel deems that appropriate.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 17, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO., <br><br> Plaintiff, <br><br> v. <br><br> ZHEJIANG WEIDU GARMENT CO., LTD., et al., <br><br> Defendants. | Case No. 16-cv-07824 <br><br> **Judge Milton I. Shadur** <br><br> **Magistrate Judge Maria Valdez** |

**PLAINTIFF'S RESPONSE TO DEFENDANT YOGEE MALL'S AMENDED MOTION TO DISMISS PURSUANT TO RULE 12(b)(5) AND MOTION TO QUASH SERVICE**

Plaintiff Levi Strauss & Co. ("LS&Co.") hereby files its response to Defendant yogee-mall's Amended Motion to Dismiss Pursuant to Rule 12(b)(5) and Motion to Quash Service [45] (the "Motion").

## INTRODUCTION

Defendant yogee-mall ("Defendant") is a repeat counterfeiter[1] that offered for sale and sold unauthorized and unlicensed products using counterfeits of LS&Co.'s federally registered trademarks on at least an eBay storefront. Article 1 of the Hague Convention states that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." *Id*. Declaration of Allyson Martin (the "Martin Declaration") at ¶ 2, [45] at p. 4. Defendant's Motion is premised on the fact that it has supplied a known physical address, so the Hague Convention is "mandatory." [45] at p. 2. However, LS&Co.'s investigation of Defendant has revealed that Defendant's "physical address" is incomplete and fictitious.

---

[1] Defendant's counsel has informed LS&Co. that Defendant was sued in a different action by Plaintiff's counsel for trademark counterfeiting, but has refused to identify which case or the store name under which Defendant was operating. Martin Declaration at ¶ 6.

1

ATTACHMENT

Specifically, Defendant's Motion [45] alleges that Defendant has a "known" physical address at 1225 Room, Qian Jin Business Building No.1 Building, Tian He District, Guangzhou City, Guangdong Province, China." [45] at p. 2. However, LS&Co.'s China based investigator has verified that Defendant's represented "physical address" is an incomplete, fictitious address. This address lacks a street name and number. Room 1225 does not even exist in the Qian Jin Business Building that LS&Co. was able to locate based on Defendant's incomplete address. Declaration of Lily Fu (the "Fu Declaration") at ¶ 4. No business called "yogee-mall" has offices in the Qian Jin Business Building. *Id*. No business called "yogee-mall" is registered in the company register managed by the State Administration for Industry and Commerce, which is the Chinese equivalent of the "Yellow Pages." *Id*. at ¶ 5. No address is provided on its eBay Internet store. Martin Declaration at ¶ 7.

Defendant's address was not known when this case was filed and remains unknown, so the Hague Convention does not apply. As such, this Court's Order [24] permitting LS&Co. to complete service of process to Defendant via email pursuant to Federal Rule of Civil Procedure 4(f)(3) remains proper, and Defendant's Motion should be denied. In addition, this Court should award fees and costs to Plaintiff since Defendant's Motion was predicated on providing a false address to Plaintiff.

## **ARGUMENT**

**A. The Hague Convention Does Not Apply Because Defendant's Address Is Not Known**

The United States and China are signatories to the Hague Service Convention. Martin Declaration at ¶ 2. However, Article 1 of the Hague Convention states that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." *Id*. The Hague Convention does not apply in this case because Defendant has no known physical

address. Indeed, LS&Co.'s investigation of Defendant has revealed that Defendant's "physical address" is incomplete and fake.

LS&Co. has investigated this address based on the information provided by Defendant's counsel: 1225 Room, Qian Jin Business Building No.1 Building, Tin He District, Guangzhou City, Guangdong Province, China.[2] First, based on a search, LS&Co.'s investigator found that the Qian Jin Business Building does exist in the Tian He District of Guangzhou City, Guangdong Province. Fu Declaration at ¶ 3. LS&Co.'s investigator determined that this building is located on No. 212 Che Po West Road, Tianhe District, Guangzhou City. *Id*. This indicates that the address provided by Defendant's counsel to LS&Co., and provided in Defendant's Motion [45] was incomplete, as it lacked a street name and number.



**Qian Jin Business Building, Fu Declaration** at ¶ 4, Exhibit 1 to Fu Declaration

This building hosts several companies, but none of the businesses are located in the 1225 Room. *Id*. at ¶ 3. LS&Co. further retained an investigator to conduct a field investigation of the Qian Jin Business Building. *Id*. at ¶ 4. Qian Jin Business Building has eight floors, and the

---

[2] This address was provided by Defendant's counsel (Martin Declaration at ¶ 5), as well as in Defendant's Motion [45] and in a declaration of Xiao Wei Yuan [41-1] under penalty of perjury.

house number of every room in the building begins with the number "8." *Id*. The Qian Jin Business Building hosts various companies. *Id*. LS&Co.'s field investigation included a comprehensive search of each of the eight floors of the building, and LS&Co.'s investigator did not locate 1225 Room in the building. *Id*. LS&Co.'s investigator further asked the estate management staff of the building about 1225 Room, and the estate management staff informed the investigator that there was not a 1225 Room in the building. *Id*. Finally, LS&Co.'s investigator also asked the staff members of the various companies in the Qian Jin Business Building, as well as the estate management staff of the building, about "yogee mall." *Id*. The companies' staff members had not heard of "yogee mall," and the estate management staff informed the investigator that there was no "yogee mall" in the building. *Id.*

Finally, LS&Co.'s investigator searched the company register managed by the State Administration for Industry and Commerce ("AIC") (the Chinese equivalents of the business "Yellow Pages"). *Id*. at ¶ 5. Neither "yogee mall" nor its Chinese language equivalent name have been registered with the AIC. *Id*. As such, LS&Co. is not able to obtain any information about Defendant's business, including its address. Defendant's address is not known, and the Hague Convention does not apply.

**B.    Defendant Was Severed Pursuant to This Court's Properly Entered Fed. R. Civ. P. 4(f)(3) Order [24]**

    **a.    The Hague Convention Is Not Mandatory**

Rule 4(f) does not require that a party attempt service of process through the Hague Convention as prescribed in Rule 4(f)(1) before petitioning the Court for alternative relief under Rule 4(f)(3). According to its plain language, Fed. R. Civ. P. 4(f)(3) requires that service must be (1) directed by the Court, and (2) not prohibited by international agreement. *Rio Props. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002). No other limitations are evident from the

text. *Id*. Rule 4(f)(3) "is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Id*. at 1015.

At the November 2, 2016 hearing, opposing counsel argued that the Supreme Court had said that service by the Hague Convention is mandatory where it is applicable. Transcript of the November 2, 2016 Motion Hearing [47] at p. 6, ll.19-22 (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)).[3] *Volkswagenwerk Aktiengesellschaft v. Schlunk* found that the Hague Convention did not apply when process was served on a foreign corporation by serving its domestic subsidiary within the United States. *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 698-708. Importantly, *Volkswagenwerk* was decided in 1988, well before Fed. R. Civ. P. 4 was amended in 1993 to include subsection Fed. R. Civ. P. 4(f)(3) and before the commercial Internet even existed. Martin Declaration at ¶ 3. As such, the Supreme Court's language in *Volkswagenwerk Aktiengesellschaft v. Schlunk* is not precedential with respect to this Court's authority to order alternative service under Fed. R. Civ. P. 4(f)(3). Such an interpretation is also contrary to congressional intent since the addition of Rule 4(f) was explicitly made in consideration of the Hague Convention. *See* Exhibit 3 to Martin Declaration at p. 16.

Since "[the Supreme Court] has not provided clear guidance as to how the requirements of the Hague Convention interact with a court's authority to order alternative service under Rule 4(f)(3)," many courts "have reasoned that alternative service may be ordered pursuant to Rule 4(f)(3) as long as the alternative method of service is not expressly prohibited by the Convention

---

[3] Defendant did not cite *Volkswagenwerk Aktiengesellschaft v. Schlunk* in its Motion. [45].

or objected to by the receiving state." *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, 2011 U.S. Dist. LEXIS 71269, at *40 (N.D. Cal. July 1, 2011). Numerous courts have authorized alternative service pursuant to Fed. R. Civ. P. 4(f)(3) even when the defendant resides in a country that is a signatory to the Hague Convention, including against China-based defendants. *See id. at *40-41; In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same).

### b. Email Service Not Prohibited by The Hague Convention

Courts have also agreed that service by email is not prohibited by the Hague Convention. *Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 U.S. Dist. LEXIS 97241, at *5 (N.D. Ill. Dec. 1, 2008) (holding that "[t]he Hague Convention does not prohibit service by e-mail or facsimile"); *Nanya Tech. Corp. v. Fujitsu, Ltd.*, 2007 U.S. Dist. LEXIS 5754, at *7 (D. Guam Jan. 25, 2007). Additionally, the law of the People's Republic of China does not appear to prohibit electronic service of process. Martin Declaration at ¶ 4. Accordingly, email service is appropriate under Fed. R. Civ. P. 4(f)(3) since it is not prohibited by the Hague Convention.

### c. Defendant Received Actual Notice of This Lawsuit

Finally, email service in the case comported with constitutional notions of due process, because it was reasonably calculated, under all of the circumstances, to apprise Defendant of the pendency of this action and afford it an opportunity to present objections. *See Maclean-Fogg Co.*, 2008 U.S. Dist. LEXIS 97241, at *5. On August 16, 2016, pursuant to this Court's Order, LS&Co. served Defendant. [25]. Counsel has appeared on behalf of Defendant, and Defendant has had the opportunity to present objections.

**C.      This Court Should Award Attorney's Fees and Costs to LS&Co.**

As established previously, the address provided by Defendant in a sworn declaration [41-1] is fictitious and incomplete.  Defendant is likely aware that if LS&Co. were to attempt service on Defendant using the Hague Convention and the address it provided, it would not be successful.  It would also be costly for LS&Co. and would take upwards of six months – all while Defendant was already properly served pursuant to this Court's Order [24], and Defendant received said service.

This Court has the inherent power "to sanction litigants and their attorneys for bad-faith conduct or willful disobedience of a court's orders."  *Intellect Wireless, Inc. v. Sharp Corp.*, 2015 U.S. Dist. LEXIS 44070, at *70 (N.D. Ill. Apr. 3, 2015) (internal citations and quotations omitted).  A court may sanction conduct under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008).

It is clear that Defendant is trying to avoid consequences for its actions by demanding LS&Co. attempt service under the Hague Convention to a fake address.  Accordingly, this Court should consider all appropriate remedies against Defendant, including awarding attorney's fees and costs to LS&Co., sanctions against Defendant, and any other actions that it deems appropriate to deter such conduct in the future.

**CONCLUSION**

Accordingly, for the reasons stated herein, LS&Co. respectfully requests that this Court deny Defendant's Amended Motion to Dismiss Pursuant to Rule 12(b)(5) and Motion to Quash Service [45].

Dated this 16th day of November 2016.  Respectfully submitted,

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Counsel for Plaintiff Levi Strauss & Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November 2016, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Counsel for Plaintiff Levi Strauss & Co.*