# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 16 C 7824 |
| | ) |
| ZHEJIANG WEIDU GARMENT CO., LTD., | ) |
| ET AL., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

This Court has received a courtesy copy of the Answer and Affirmative Defenses ("ADs") filed by defendant Yogeemall[1] in response to the Complaint brought against it and multiple other defendants by plaintiff Levi Strauss & Co. ("Levi Strauss"). This memorandum order is issued sua sponte because of the unsatisfactory nature of a good deal of Yogeemall's responsive pleading.

To begin with, Yogeemall's California counsel have impermissibly departed from the plain roadmap marked out by Fed. R. Civ. P. ("Rule") 8(b)(5) to deal with situations in which a responding party cannot either admit or deny a complaint's allegations as called for by Rule 8(b)(1)(B). Even apart from counsel's departure from the plain language of Rule 8(b)(5), which among other things requires a disclaimer of "belief" that makes a bona fide disclaimer more difficult to advance, the Answer follows counsel's inappropriately recast version of that Rule by stating "and thereby deny the allegations contained therein" in more than half of the Answer's

---

[1] "Yogeemall" is the latest variant version of defendant's name employed in various of the pleadings in this action. Because it is defendant's self-designation, it will be honored in this and any future documents emanating from this Court.

paragraphs (Answer ¶¶1, 3 through 19 and 22 through 28). Such a denial is of course oxymoronic -- how can a party state that it lacks information on which to admit or deny a plaintiff's allegation (to say nothing of the more demanding "belief" requirement) and then go on to <u>deny</u> that same allegation?

Whatever such loose practice in that respect may pass muster at California counsel's home base, it is unacceptable here. All of the cited paragraphs of the Answer are therefore stricken, but without prejudice to the filing of a prompt Rule-compliant Amended Answer.

There are several respects in which Yogeemall's counsel would do well to read the Appendix to this Court's opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001), Paragraph 1 of which deals in part with the subject just covered. Two other aspects of that Appendix bear mention here.

First, Answer ¶ 42 incorrectly asserts that no response is required to a "legal averment" in a complaint. Not so -- in that regard, Yogeemall's counsel should take a look at App'x ¶ 2 to <u>State Farm.</u>

More significantly, Yogeemall's counsel follows the Answer with no fewer than eight purported ADs. That blunderbuss practice is wholly at odds with the purpose of Rule 8(c) and the case law construing and applying it -- on that score, see App'x ¶ 5 to <u>State Farm</u>. Hence all of the present ADs are stricken, but without prejudice to the possible reassertion of any that are not simply boilerplate but can instead be cured by fleshing out particulars that justify attack via an AD. If however that is not done by an appropriately supported motion that sets out the

grounds for a claimed AD within 21 days from the date of this memorandum order, the presently asserted AD will be deemed to have been forfeited.[2]

In sum, to avoid a patchwork quilt in the form of two responsive pleadings by Yogeemall, the entire present Answer and ADs are stricken without prejudice to the filing of a self-contained Amended Answer and ADs on or before January 18, 2017. No change is made in the previously-scheduled status hearing of 1:15 p.m. February 28.

Date: December 28, 2016

_____
Milton I. Shadur
Senior United States District Judge

---

[2] What has just been said in the text should not be misunderstood. To the extent that what is now advanced as an AD is at odds with present Rule 8(c) obligation to accept a complaint's allegations together with reasonable supporting inferences, the present denial of such an allegation puts the matter in issue, so that no AD in that respect is necessary.